Sengxai Yang's IQ has measured around the first percentile since he was first tested at age 9. It didn't improve after he was hit in the head with a metal cheese plow at age 18. When questioned after his arrest a few months later, Mr. Yang said that even he didn't know that he was going to rob a bank that day. During his pre-sentence interview, he talked at length about Edwin and Jason, the voices that exist only in his head. He has a long list of psychiatric diagnoses dating back to childhood and a documented history of hallucinations. He was prescribed two different psychotropic drugs during his prosecution, which he took convicted and sentenced to 14 years in prison. The question presented by this appeal is whether a trial judge has an independent responsibility to inquire into a defendant's competency, and the answer is yes. Competency and the right to be tried only when competent is a foundational right upon which our criminal justice system is based. It dates back to before the Constitution, but is clearly present in the Constitution, and the Due Process Clause protects that fundamental right. It's not simply the defendant's right. In fact, I cited an unpublished Wisconsin case in the reply brief in which a criminal defendant appealed a finding of incompetency, right? This very upset that her trial counsel had offered opinions as to her potential incompetency. Why not raise ineffective assistance of counsel here? Ineffective assistance of counsel is, at best, a superfluous claim. That's what Anderson teaches us. There's no way to win, quote unquote, an ineffective assistance of counsel claim without the due process right having been violated, because ultimately what matters is whether we're trying an incompetent person or not. That's the substantive right that we care about. I also think that an ineffective assistance of counsel claim, although certainly they have been raised in this context, I think it incorrectly frames the issue because, as I started out with, competency and the duty to ensure that we are not trying incompetent people is not just trial counsel's duty. It is a shared responsibility that the prosecutor and the judge also can appeal that too, right? So if the trial court fails, let's just suppose you're correct, that the trial court fails to attend to that obligation and you say, Judge, I have real questions about my client's competency beyond insanity, which is a defense we're going to You can appeal that. Correct, correct. You can. So you have it. You have a procedural avenue for vindicating the underlying constitutional right appeal. Yes, that is absolutely one procedural avenue to vindicate that right. However, it's not simply the defendant's right. It is more than that, right? It's more akin to an independent and shared responsibility to protect because it's not just about the defendant's right. This is a bedrock principle upon which the entire The leap that I see that I don't that I'm having a hard time following is given the avenues that are available for vindicating the substantive right. Why should the law create an exception to established appellate requirements and procedural default rules with respect to this particular right? That's the difficulty that I have with the argument. I don't think that my position is asking the court to create an exception. I think what I'm doing here is simply asking the court to apply the rules that have already been announced through Supreme Court precedent and by this court, right? So we already know that the Supreme Court has agreed competency cannot be waived because it's antithetical to the idea of not trying incompetent individuals. Right, but you don't impute the defendants, a defendant's incompetency to the attorney, right? Correct. So you so in other words, because the defendant's incompetent, you don't assume an attorney's incompetent. You assume that the attorney is diligent and that the and and raise them both at the trial level and if necessary on appeal. And then possibly in post conviction proceedings. Yes, you would assume that and you would also assume that the trial judge and the prosecutor would likewise raise those issues, especially whereas here it is in the record that this defendant has an IQ that is lower than 99.5% of the population that this defendant has had hallucinations. The trial judge recognized those factors at the time when he, for example, denied the or at the bench trial found that the NGI defense was not met by the defendant. The trial judge said on the record, I think there's something new going on now, which is exactly what competency, right? That's like the difference between one of the differences. What rule of law do you want us to announce here? I don't want you to announce any new rule of law. I don't think that that is necessary. I think that the district court announced a new rule of law parted ways with the Seventh Circuit, adopted the Eleventh Circuit unique framework for competency claims and then didn't apply that issue. No new rule of law needs to be announced here. If you want to use this case as an opportunity to announce a different standard. Well, okay, so what do you want us to hold? I want you to hold that the district court aired when it denied the 2255 motion and because there was a bona fide reason to doubt the defendant's competency, there needs to be a new competency hearing. The conviction needs to be vacated and if the government wishes to retry the defendant, which I have no doubt they would want to do, there should be a competency hearing so that we can be sure that the defendant is competent before we try him and convict him. Would that though necessarily require us to conclude that the district court rejected the point that due process competency claims are not subject to procedural default? So you have to be saying that that reflects a legal error. Yes, I think it does reflect a legal error. Due process claims, in my opinion, the Seventh Circuit has never held that they are subject to procedural default and when we see Anderson, which is the most recent Seventh Context, there was no discussion of procedural default. We have not explicit holdings, but a lot of suggestions, I would say, that procedural default does not apply to competency. I would also look at Cooper, which is a U.S. Supreme Court case in which the court said explicitly that we care more about not trying incompetent people than we care about judicial efficiency, which is within the 2255 context the purpose of procedural default. So I don't think the Seventh Circuit has never said that procedural default applies to competency claims and I don't think you should hold that they apply here. But even if you were to agree with the district court and follow the Eleventh Circuit's framework, which says that procedural default applies to some competency claims, what they call procedural competency claims, it still would not bar Mr. Yang's claim here. Because if we're going to follow this framework of procedural versus substantive competency claims, this claim is a substantive claim. We are not simply arguing that the proper procedure wasn't followed. We are saying, and we have an expert testifying at the post-conviction evidentiary hearing, saying he thinks it is very likely that Mr. Yang was incompetent at the time that he was tried, convicted, and sentenced. What I'm struggling, Ms. White, is between the court, the prosecutor, and the defense counsel, the individual who knows those competency issues the best would be the defense counsel. So a lot of this extra record evidence that would come in at an IEC hearing. Here, the district court clearly raised it during the 2055 evidentiary hearing. The decision was made not to waive privilege. So that whole font of evidence that might come in with regard to Mr. Yang's interaction and whether it was going up or down or improving or denigrating just never gets before the court. I would respectfully disagree that defense counsel is the expert on competency. I do not consider myself an expert on competency. That's why we have competency evaluations that are ordered. True, but the defense counsel among those three has by far spent the most amount of time with that client. Hopefully, although that may not always be the case. But I would again point this court to Anderson in which defense counsel did testify. There was both a due process claim and an effective assistance of counsel claim raised concerning competency. Trial counsel testified trial counsel testified that they did not see an issue and did not raise defendant's competency because they didn't think there was any potential incompetency. And that didn't matter. This court still said there's bona fide reason to doubt the defendant's competency. You need to have a hearing. And after a hearing, the district court following this court's ruling vacated the conviction and said we need to have a new competency hearing. And then if the defendant is found competent, the government can retry him. I want to ask you a question. I'm going to be careful with the way I ask this because I'm not trying to get into anything privileged or confidential at all. Okay. But one thing that has worried me here is this possibility that the reason that Mr. Yang has not is not pursuing the competency claim through ineffective assistance and not waiving privileges because he's made that choice. In other words, he came to counsel and said I will not waive any privilege, any confidence, anything with respect to the pursuit of competency-based relief and therefore has put counsel under an instruction not to waive attorney client privilege when trying to vindicate that. I don't see any indication of that in the briefing. Is that right? Well, I will answer very mindful of my duty of confidentiality. One of my duties, one of my ethical obligations is to assert attorney client privilege. I have that duty. It's not something that I get to choose. I have to assert that privilege on behalf of my client. And an incompetent individual cannot waive that privilege. And so we're really caught in a bind here, right? I have a duty to assert that privilege on behalf of my client. My client cannot waive that duty. And again, I would go back to the fact that an ineffective assistance of counsel claim is superfluous. That's what Anderson says. Anderson said, we have this due process claim. We think there's a bona fide doubt as to the defendant's competence. Therefore, a hearing is required. That's it. The ineffective assistance counsel claim has a higher standard, more things to prove. We can go through that standard, but ultimately it doesn't matter because the due process claim is what does matter. I see. I would like to reserve the remainder of my time for rebuttal. That's fine. Thank you. Ms. Borden. Thank you, Your Honor, and may it please the court. I'd like to start with a brief point on procedural defaults and then turn to the merits. Procedural default applies generally to all claims raised for the first time on collateral review. So as your question suggested, the question here is should the court carve out a new exception to that general rule? And Yang hasn't identified any reason to do so. He says direct review is not feasible because competency claims rely on extra record evidence. But procedural competency claims, the only kind that Yang has meaningfully raised here, don't require any extra record evidence. The entire question is based on the evidence that was before the district court at the time. On the merits, Yang has not identified an abuse of discretion or clear error on the part of the district court. Competency is a functional test, and the district court rightly concluded that there was no bona fide doubt as to Yang's functional ability to rationally understand the proceedings and consult with counsel, particularly given the affirmative statements by two experienced defense counsel that they had no doubts as to Yang's competency, in addition to Yang's pro se letter and the extensive expert evidence of malingering. So even if the court does reach the merits, it should affirm. I welcome the court's questions or I'm happy to move on to a few further points. You think this case implicates any of the hypothetical fact patterns that I'm worried about where you have an incompetent defendant, just stipulate that you have an incompetent defendant that is providing instructions to his counsel about how to litigate that are flatly at odds with his interests. And he doesn't realize that because of his incompetency. Your Honor, I don't think the court needs to address those points here. I do agree that the questions about waiver and the client's ability to waive are wrapped up in issues of competency. And so, as the Supreme Court explained in Pate, you have to act knowingly and intelligently to waive something. But of course, that's a distinct concept from procedural default. Procedural default doesn't turn on the subjective understanding at all of the defendant. It's motivated by principles and finality and judicial efficiency. And as this court's questions were noting, there are many avenues available to defendants who do want to raise these types of claims. The reason that I don't think it's I don't think it's OK here for a couple reasons, but one primary one is, if I'm correct, Mr. Yang himself filed a pro se 2255 where he wanted to when a defendant does that, you assume that there's an implicit waiver kind of to litigate the merit. So now it's been the attorney client privilege has been asserted by counsel now, but there's no indication. There's no indication from this procedural path that even if he's incompetent, he's providing instruction to his counsel that that could be entirely at odds with his interests. That's possible, Your Honor, again, because the two earlier ineffective assistance claims which were raised in the two earlier versions of the 2255 motions, those are no longer before the court. Again, I don't think the court needs to reach that issue. I will also note that the government's position is it wouldn't be necessary to call Attorney Philip on anything that would be covered by the attorney client privilege if this court were to, of course, rule against us on the merits and on procedural default and have some form of remand. And that's because we do have his bottom line position here. He's made clear that he had no doubts as to Yang's competency to proceed. And of course, this court has recognized that a district court can give that significant weight in determining whether or not there was a bona fide doubt to proceed. And it rightly did so here. One of the challenges is for those competency changes. That guilty by reason of mental disease or defect goes to that actor's state of mind at that moment when he walked into the bank. But here, competency can change for organic reasons. It can change for medication reasons. It can change within the course of a determination to a jury trial, bench trial, et cetera. Given that changing nature of competency, I'm wondering whether or not the record that we have before us would whether there was sufficient analysis of the record before us to ensure that there was competency at the appropriate times for this defendant. Your Honor, I think there was. The district court did acknowledge the psychiatric diagnoses in the record. That's at page 17. The district court did acknowledge the taking of the record. And I would just note that because competency is this functional test that could change over time, the district court was rightly considering those points in the record through the lens of two important contextual factors. And the first is that extensive expert evidence of malingering. And that's not just as to memory deficits, but also as to the auditory hallucinations and other symptoms of psychosis that we know form the bases for the relevant psychiatric diagnosis and the psychotropic medications, which I'm happy to touch on more too. But the second contextual factor that's important is that there was lots of affirmative evidence that this defendant was able to rationally understand the proceedings and interact with his counsel. So you have Yang's pro se letter. You have the post-offense interview. You have the pretrial services interview. You have the district court's own in-court observations of the defendant. And I'd note those were not just yes or no back and forth. There were colloquies that were substantive, including at the change of plea hearing. And so when you put that full picture together, I don't think there was any abuse of discretion for the district court to conclude that there was no bona fide doubt as to competency here. I would just note on the psychotropic medications, it's actually important to drill down a little bit on what was there. So you have only a period of a month and a half. This is noted in Dr. Johnson's report at page two to three, where the defendant was receiving those medications because he was claiming to have auditory hallucinations. And after that period of a month and a half, you see from the prison records, which were summarized in Dr. Johnson's report, that because the defendant was no longer claiming to have auditory hallucinations, that those medications were actually stopped at that point. And the prison records note that there is no further evidence of a psychotic disorder. So district court could have rightly been viewing those medications in line with the evidence of malingering that we do see throughout the record and that both experts attested to. At what point in the proceedings did that happen? I'm sorry, can you repeat the question? At what point in the proceedings did that happen? Sure. So that was about a month before the change of plea hearing. And we know at that change of plea hearing that the attorney representing Yang noted that he had no doubts as to the defendant's competency. So that's further evidence that if during that period of a month and a half when he was taking the medication, there were issues that were arising, you would expect defense counsel to actually raise that. I would just note a few further points. One, Anderson came up earlier. That case does not help Yang. And that's because procedural default can be waived. And the government didn't raise procedural default in that case. So the court really had no occasion to consider whether or apply procedural default. The next point I'd make is that I think there are a lot of safeguards to ensure that these types of claims, when they're meritorious, are in fact raised and addressed. So you've got the triple protections at the district court level, not only an obligation on the district court, but the defense counsel and also the government attorneys. Of course, ineffective assistance of counsel claims are also available to a defendant if defense counsel does fall down in their duty to raise those claims. And procedural default is also not a bar. Defense counsel could have argued cause and prejudice to overcome that bar here. And Yang simply chose not to do so. And then finally, I would just note on waiver, that's a distinct, analytically distinct concept. As I was noting before, it requires that a defendant act knowingly and intelligently. And so the analysis regarding waiver really doesn't extend to a competency claim. If there are no further questions, Your Honor. Thank you. Thank you. I would ask the court to affirm. Ms. White. Thank you. The government mentioned waiver. The Supreme Court has clearly held that competency cannot be waived, cannot be voluntarily, knowingly waived, right? If you're incompetent, you're incapable of waiving. If you're competent, you can't waive your right to be tried only when competent in advance of becoming incompetent. That's what the Supreme Court has held. Procedural default within the 2255 context focuses essentially on forfeiture, right? So it's not necessarily waiver, but it's forfeiture. It's the negligent relinquishment of a right. I do not understand how an incompetent individual who is incapable of knowingly voluntarily waiving a right somehow could be found to negligently forfeit that right. That, to me, does not make sense. Do we know why he didn't appeal? And as Judge Scudder has pointed out, this is the sort of issue that can be raised on direct appeal. It takes this outside of the context of the Anderson case where there was an appeal waiver and the government did not assert procedural default as a consequence, or I assume as a consequence. But do we know why he didn't appeal? That's not in the record. The decision to appeal is a decision that a defendant has and can make, and an incompetent individual may have difficulty making that decision, right? There's a lot of questions like that. I see my time is up. Thank you. Thank you. Thanks to both counsel. The case is taken under advisement and we'll move to our fourth case.